UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Charlton Beasley, #27341-076, | ) | C/A No.  4:26-830-TMC-TER |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | Report and Recommendation |
| Officer Solow, | ) | |
| Defendant. | ) | |
| _____ | ) | |

This is a civil action filed by a federal prisoner, proceeding *pro se*.  Pursuant to 28 U.S.C. § 636(b)(1) and District of South Carolina Local Civil Rule 73.02(B)(2)(e), the undersigned is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the district court. Plaintiff paid the filing fee.

## **STANDARD OF REVIEW**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint filed in this case.  This review has been conducted pursuant to the procedural provisions of 28 U.S.C. § 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents:  *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir.1995) (en banc); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir.1983).

This court is required to liberally construe *pro se* complaints.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys.  *Id.* ; *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).  Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal.  The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which plaintiff could prevail, it should do so, but a district court may not

rewrite a complaint to include claims that were never presented, construct the plaintiff's legal arguments for him, or conjure up questions never squarely presented to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985); *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993); *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390-91 (4th Cir. 1990) (The "special judicial solicitude" with which a [court] should view such pro se complaints does not transform the court into an advocate.).

### **DISCUSSION**

Plaintiff was a federal prisoner in Edgefield at the time of the alleged event on April 16, 2025. Plaintiff sues a single defendant, an "education officer/GED prep teacher," Solow. (ECF No. 1 at 2). Plaintiff alleges his First and Fourteenth Amendment rights have been violated and the Civil Rights Act has been violated. (ECF No. 1 at 4). Plaintiff alleges while at work at the prison, Plaintiff told Solow he was headed to the weekly religious service, Solow responded "you people," and the next day Plaintiff was no longer needed at work. Plaintiff alleges he was fired from his prison job due to religious and racial discrimination.(ECF No. 1 at 5-6). Plaintiff requests monetary damages.

Plaintiff did not file administrative exhaustion past the BP-10, regional director stage. (ECF No. 1 at 8). Plaintiff has not alleged he has completed the exhaustion process for a *Bivens* claim, which is different than FTCA exhaustion. In order to assert a *Bivens* claim in federal court, inmates are first required to exhaust all inmate grievance procedures. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002). The BOP provides a four-step grievance procedure. 28 C.F.R. § 542.10 *et seq.* First, an inmate must attempt to informally resolve the issue with staff.28 C.F.R. § 542.13(a). If that is

unsuccessful, the inmate must then submit "a formal written Administrative Remedy Request, on the appropriate form (BP-9)," within 20 days of the "date on which the basis for the Request occurred." 28 C.F.R. § 542.14(a). "An inmate who is not satisfied with the Warden's response [to his Administrative Remedy Request] may submit an Appeal on the appropriate form (BP-10) to the appropriate Regional Director within 20 calendar days of the date the Warden signed the response." 28 C.F.R. § 542.15(a). Then, as a final avenue for relief, "[a]n inmate ... may submit an Appeal on the appropriate form (BP-11) to the General Counsel within 30 calendar days of the date the Regional Director signed the response." *Id.* Exhaustion of a *Bivens* claim requires a prisoner to fully comply with all four stages of the internal prison grievance procedure; Plaintiff has not exhausted. *Moore v. Rife*, 2023 WL 2674860, at *2 (S.D.W. Va. Mar. 29, 2023).

*Bivens* claims are available on very limited grounds. Violations of the Fourth, Fifth, and Eighth Amendments are cognizable claims under the expansion of *Bivens* under specific contexts. *See Carlson v. Green*, 446 U.S. 14 (1980), *Davis v. Passman*, 442 U.S. 228 (1979); *Ziglar v. Abbasi,* 137 S. Ct. 1843, 1859 (2017); *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388, 390 (1971). "The Supreme Court has never recognized a First Amendment based *Bivens* remedy in any context." *Earle v. Shreves*, 990 F. 3d 774, 779 (4th Cir. 2021) (*citing Reichle v. Howards*, 566 U.S. 658, 663 n.4 (2012) ("We have never held that *Bivens* extends to First Amendment claims")); *Egbert v. Boule*, 596 U.S. 482, 498-499 (2022). The Fourteenth Amendment does not apply to federal individual defendants. *See Shelley v. Kraemer*, 334 U.S. 1, 13 (1948). Liberally construed, to the extent Plaintiff intended to sue under the Fifth Amendment, Plaintiff's allegations arise in a new context from *Davis*, which concerned only alleged sex discrimination on Capitol Hill. *Bivens* has never been extended to a Fifth Amendment due process claim or a claim for

3

race-based discrimination. *Mays v. Smith*, 70 F.4th 198, 203 (4th Cir. 2023). Plaintiff has failed to state a *Bivens* claim upon which relief could be granted.

Plaintiff only sues an individual defendant, but Plaintiff alleges he filed a Form 95 tort claim. (ECF No. 1 at 8). Plaintiff's action does not arise under the FTCA as Plaintiff does not sue the United States and Plaintiff's claims for constitutional torts are not cognizable under the FTCA. *See* 28 U.S.C. § 1346(b)(1); 28 U.S.C. § 2679(b)(1)(personal capacity suits against employees are not cognizable under the FTCA). ; *Williams v. United States*, 242 F.3d 169, 175 (4th Cir. 2001)("a federal constitutional tort cannot provide the source of law under the FTCA").

Plaintiff has failed to state a claim upon which relief can be granted and this action is subject to summary dismissal.

## RECOMMENDATION

Accordingly, it is recommended that the District Court dismiss this action *without prejudice and without issuance and service of process*.

s/Thomas E. Rogers, III<br>
Thomas E. Rogers, III<br>
United States Magistrate Judge

March 5, 2026
Florence, South Carolina

**Plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).